NOT FOR PUBLICATION

CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL A. KEATON,     :<br>     Petitioner         :<br>                             :<br>    v.                              :<br>                               :<br>UNITED STATES OF AMERICA, :<br>     Respondent.      :<br>                               : | Civil Action No. 04-5086 (JAP)<br><br>**OPINION** |

APPEARANCES

Daniel A Keaton
Fed. Reg. No. 40429-050
FCI Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ  08320
    Pro Se

UNITED STATES ATTORNEY'S OFFICE
Christopher Christie, United States Attorney
David A. Bocian, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ  07102
    Attorneys for the United States of America

PISANO, District Judge

Before the court is Daniel Keaton's *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The United States filed an answer in response to Keaton's petition, to which Keaton subsequently filed a reply.  The Court resolves this petition without oral argument, as permitted by Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court denies Keaton's petition.

**I.  BACKGROUND**

On November 30, 2001, Keaton pleaded guilty under a written plea agreement to a one-count federal indictment charging him with possession of a firearm following a conviction of a felony offense, which violates 18 U.S.C. § 922(g)(1), (2).  On May 8, 2002, this Court sentenced Keaton to a 92-month prison term and four-year supervised release term.  The final judgment of conviction was filed on May 9, 2002.  Keaton did not file a direct appeal from the final judgment of conviction, and thus his conviction became final ten days after the date of his final judgment of conviction.

On October 19, 2004, Keaton filed the present petition under 28 U.S.C. § 2255, completing a form petition and attaching a memorandum of law in support of his motion.  In this petition, Keaton relied on *Blakely v. Washington*, __U.S.__, 124 S.Ct. 2531 (2004), in arguing that his sentencing under the United States Sentencing Guidelines (the "U.S.S.G.") violated his Sixth Amendment right to a trial by jury.  Keaton argues that this Court exceeded its authority by deciding that a preponderance of the evidence proved the existence of an alleged quantity of

cocaine and obliterated serial number on a gun found on the petitioner, and consequently finding an enhancement of Keaton's sentence appropriate pursuant to U.S.S.G. § 2K2.1(b)(4).

## II. LEGAL DISCUSSION

### A. The Section 2255 Standard

A prisoner in federal custody may file in the court that imposed the sentence a motion challenging the lawfulness of the sentence. *See* 28 U.S.C. § 2255; *see, e.g., Morelli v. United States*, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). A prisoner has been unlawfully sentenced if the sentence "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." *Morelli*, 285 F. Supp. 2d at 458 (citing 28 U.S.C. § 2255). To establish a right to habeas corpus relief, a prisoner must demonstrate that the sentence has a "fundamental defect" resulting in "a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Id.* at 458-59 (quotations omitted).

### B. Petitioner's Claim Is Under *Booker*

In his Section 2255 motion, Keaton attempts to raise a claim under *Blakely* that his sentencing violated the Sixth Amendment. *See Blakely*, __U.S.__, 124 S.Ct. at 2536 (holding that any factor other than the defendant's prior criminal history must be found beyond a reasonable doubt and decided by a jury). *Blakely*, however, addressed Washington State's sentencing scheme, not the U.S.S.G. at issue in Keaton's petition. *Lloyd v. United States,* No.04-3549, 2005 WL 1155220, at *1 (3d Cir. 2005) (citing *Blakely*, __U.S.__, 124 S. Ct. 2531). On January 12, 2005, the Supreme Court in *United States v. Booker* announced a new rule that the

holding in *Blakely* applies to the U.S.S.G.  *United States v. Booker*, --U.S.--, 125 S.Ct. 738 (2005); *Lloyd*, No.04-3549, 2005 WL 1155220, at *3 n.4.  Accordingly, while styled as a claim under *Blakely*, Petitioner's claim is asserted under *Booker* and the Court will review it as such.

### C. The Third Circuit Determined in *Lloyd* that *Booker* Is Not Retroactively Applicable to Cases on Collateral Review

After Keaton filed his petition, the Third Circuit held that *Booker* is not retroactive for cases on collateral review.  *Lloyd*, No.04-3549, 2005 WL 1155220, at *3.  In *Lloyd*, the Third Circuit used a three-step inquiry set forth in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989), to analyze whether *Booker* should be applied retroactively: (1) whether the conviction "became final prior to the Supreme Court's decision in *Booker*"; (2) "whether the rule announced in *Booker* qualifies as 'new'"; and (3) "whether the new procedural rule qualifie[d] under . . . *Teague*'s ['watershed exception'] to the non-retroactive application of rules of criminal procedure."  *Lloyd*, No.04-3549, 2005 WL 1155220, at *2.  Applying this same three-step analysis to Keaton's claims, the Court finds that *Booker* may not be applied retroactively to the Petitioner's habeas case.

#### 1. *The Conviction Became Final Prior to the* Booker *Decision*

The Government argues in its Answer that Keaton missed the one year statute of limitations for filing his Section 2255 petition.  Section 2255 provides that a "1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The judgment of conviction for Keaton was entered on

3

May 9, 2002.  Keaton did not file a timely appeal, and thus his conviction became final ten days after the judgment of conviction was entered.  Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a).  According to the docket, Keaton did not file this petition until October 19, 2004, which is not within the requisite time after the conviction became final.  Therefore, Keaton can only utilize Section 2255 Paragraph 6(3) if he shows that *Booker* "creates a 'right [that] has been made retroactively applicable to cases on collateral review.'"  *United States v. Swinton*, 333 F.3d 481, 484 (3d Cir. 2003) (quoting 28 U.S.C. § 2255 ¶ 6(3)).

### 2. *Booker* Announces a New Rule of Criminal Procedure

The Third Circuit held that *Booker* qualifies as a new rule of criminal procedure "for purposes of *Teague*."  *Lloyd*, 2005 WL 1155220, at *3.  The *Lloyd* court reviewed the "legal landscape" at the time of the petitioner's conviction to determine whether the "'unlawfulness' of the [petitioner's] sentence was apparent to all reasonable jurists," *Id.* (quoting *Beard v. Banks,* 542 U.S.--, 124 S.Ct. 2504, 2511 (2004)), and concluded that *Booker* was not necessarily "'dictated' by past precedent."  *Id.*  In fact, every court of appeals that considered the issue concluded that, "whether denominated as the '*Blakely* rule' or the '*Booker* rule,' that rule was 'new.'"  *Id*.

### 3. *Booker* Does Not Fall Within *Teague*'s Exception for "Watershed Rules"

A new rule of criminal procedure is generally not applicable to federal habeas cases on collateral review unless a specific exception applies.  *See Teague v. Lane*, 489 U.S. 288 (1989).  The only exception of potential relevance here is the "watershed exception," which provides that only a  "watershed [rule] of criminal procedure implicating the fundamental fairness and

accuracy of the criminal proceeding" may be retroactive. *Lloyd*, 2005 WL 1155220, at *4 (quoting *Beard,* 542 U.S.--, 124 S.Ct. at 2513).

The "watershed exception" "is extremely narrow . . . [and] the Supreme Court... has 'yet to find a new rule that falls under the *Teague* exception.'" *Id.* The Third Circuit explained that *"Teague*'s [watershed] exception is reserved for rules that . . . improve the accuracy of trial and alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Id*. at * 4 (internal quotations and citations omitted). The *Booker* decision did not announce a new rule of criminal procedure that significantly increases the "certitude" or "accuracy" of the sentencing process because the U.S.S.G. system remains the same. *Lloyd*, 2005 WL 1155220, at *6. Accordingly, *Booker's* new rule of criminal procedure does not qualify under the "watershed" exception to *Teague's* non-retroactivity bar. *Id.* at *5.

### D.  Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). To make such a showing, the applicant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 494 (2000). For the reasons noted above, Keaton fails to make a showing that would satisfy the requirement for a certificate of appealability. Specifically, Keaton is unable to meet the "watershed" exception under *Teague* for the retroactive application of a new rule of criminal procedure. Therefore, the Court shall not issue a certificate of appealability.

**III.  CONCLUSION**

For the reasons explained above, Petitioner Keaton's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied.  Furthermore, under 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.


                                                  s/ Joel A. Pisano
                                                  JOEL A. PISANO, U.S.D.J.

DATED:  June 30, 2005

Orig:   Clerk
cc:     All parties
         File